IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| HOPE P. STRADLEY, | ) | CASE NO. 7:11CV5008 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| UNION PACIFIC RAILROAD CORPORATION; and UNIVERSITY SERVICES CORPORATION, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the Motion for Summary Judgment (Filing No. 54) submitted by Defendant University Services Corporation[1] ("University Services"). The Motion is supported by a Brief (Filing No. 55) that contains a statement of uncontroverted facts with pinpoint citations to the evidentiary record in compliance with NECivR 56.1(a)(1). The Plaintiff Hope P. Stradley has filed no response. For the reasons discussed below, University Services' Motion for Summary Judgment will be granted and Stradley's claims against it will be dismissed, with prejudice.

**PROCEDURAL HISTORY AND FACTUAL SUMMARY**

Stradley brought this action on August 4, 2011, invoking the Court's federal subject matter under section 153(p) of the Railway Labor Act ("RLA"), 45 U.S.C. § 151 *et seq.*, and the Due Process Clause of the Fourteenth Amendment of the United States Constitution, as well as the Court's diversity jurisdiction over certain common law causes of action. Her

---

[1] Although the correct name of this Defendant appears to be Gerson Associates, P.C. d/b/a University Services, the Court uses the name as set out by the Plaintiff.

Complaint presented nine claims. On December 12, 2011, this Court dismissed all claims against Union Pacific Railway Corporation[2] ("Union Pacific"), with the exception of Claims I, II and IV, alleging that Union Pacific failed to comply with the RLA and provide Stradley with procedural due process before the termination of her employment. (Memorandum and Order at Filing No. 17.) In declining to dismiss these claims, the Court said:

> While it may strike "a savvy judge" that actual proof of those allegations is improbable, and that recovery is unlikely, the claims presented in Counts I, II and IV, liberally construed, are sufficient to survive a motion to dismiss. Based on the very limited record now before the Court, it is not clear that the Board complied with RLA requirements, *e.g.*, that it received a "full statement of the facts and all supporting data bearing upon the dispute[.]" 45 U.S.C. 153 First (I). Nor is it clear that the Board confined itself to matters within its jurisdiction, *i.e.*, the collective bargaining agreement, because no information about the collective bargaining agreement and its relevant provisions is now before the Court. Nor is it clear that the Board afforded Stradley due process.

*Id.* at 9-10.

An evidentiary record was submitted in connection with Union Pacific's motion for summary judgment, including a collective bargaining agreement ("CBA," Filing No. 46-2), Union Pacific's written Drug and Alcohol Policy (Filing No. 46-1), investigatory proceedings (Filing No. 46-3 through 46-5), other uncontroverted evidence refuting Stradley's allegations (Filing No. 46-6), and the decision of the Public Law Board confirming Stradley's termination ("Award," Filing No. 1, at 23-25). On July 5, 2012, the Court granted Union Pacific's motion for summary judgment and dismissed all Stradley's claims against Union Pacific, with prejudice.

---

[2]Although the correct name of Defendant Union Pacific appears to be "Union Pacific Railroad Company," the Court uses the name as set out by the Plaintiff.

University Services relies on the previously submitted evidentiary record in support of its pending Motion. Briefly summarized, the uncontroverted evidence shows the following:

Stradley was employed by Union Pacific as a railroad engineer and was a member of the Brotherhood of Locomotive Engineers and Trainmen (the "Union"). Union Pacific and the Union were parties to the CBA that governed the discipline of railroad engineers, including Stradley. The CBA required Union Pacific employees such as Stradley to abide by certain Union Pacific rules and policies, including a Drug and Alcohol Policy. Federal regulations also required Union Pacific employees who held safety sensitive positions to undergo certain drug and alcohol testing. (49 CFR §219 *et. seq.*) Stradley occupied such a position as a railroad engineer.

Union Pacific did not itself perform drug and alcohol tests but instead contracted with drug testing laboratories that were federally licensed to provide drug testing services to railroads. Neither did Union Pacific employ the physicians who reviewed and certified the test results, but instead used non-employees, known as Medical Review Officers ("MRO"), to do so. If an MRO reported that an employee adulterated or substituted a body fluid sample, the employee was considered to have refused a drug test and to have engaged in insubordination.

On March 11, 2007, Stradley was involved in a rules violation, and a reasonable-cause drug and alcohol test was ordered. She provided a urine specimen that day. ("March 2007 Specimen"). The March 2007 Specimen was sent via FedEx to a laboratory in Lenexa, Kansas, that received it on March 14, 2007. The March 2007 Specimen was split into two samples in case additional testing on the first-tested sample was required.

The initial test of the March 2007 Specimen showed that the sample had possible oxidant activity. The sample was then subjected to a full panel of adulterant tests and an excessive nitrate concentration was found.

On April 25, 2007, Union Pacific's MRO, employed by University Services, determined that Stradley's sample had been adulterated with nitrite, and so advised Union Pacific on April 30, 2007. By letter dated May 9, 2007, Union Pacific notified Stradley that it would hold an investigatory hearing to determine whether Stradley violated Union Pacific rules and policies by providing an adulterated drug test. Sometime in May 2007, the split sample was also tested, and Stradley was advised by the MRO that it also tested positive for nitrates.

On May 29, 2007, an investigatory hearing was held by Union Pacific and Stradley was assisted and represented by a Union representative. The hearing officer heard testimony of witnesses offered by the parties, and accepted all exhibits offered except for some he determined were not relevant or lacked adequate foundation. Stradley was present throughout the investigatory hearing; she heard all testimony; she and her representative were allowed to present all witnesses on her behalf; she and her representative were granted all requested recesses to confer with one another; and she was allowed to make statements on her behalf.

On June 7, 2007, Union Pacific dismissed Stradley from service for adulterating her urine sample, thereby refusing to take the reasonable-cause drug test. The Union then represented Stradley with an appeal to a Public Law Board composed a Union representative, a Union Pacific representative, and a neutral Chair agreed to by the Union and Union Pacific. The Board received all evidence and arguments offered on Stradley's

behalf and unanimously rejected her appeal, upholding her termination on August 27, 2009.  The Board found:

> [D]ismissal was not arbitrary under [Union Pacific's] rules. [Stradley] was insubordinate by submitting an adulterated sample. That is serious misconduct. We also note that Claimant has tested positive before for marijuana metabolites and has been reinstated two times on a leniency basis through [Union Pacific] employee assistance program. We also note that [Stradley] has an extensive discipline history. We see no reason to require [Union Pacific] to again reinstate [Stradley].

(Award, Filing No. 1 at 24).

### STANDARD OF REVIEW

"Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, demonstrates there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law."  *Gage v. HSM Elec. Prot. Servs., Inc.,* 655 F.3d 821, 825 (8th Cir. 2011) (citing Fed. R. Civ. P. 56(c)).  The court will view "all facts in the light most favorable to the non-moving party and mak[e] all reasonable inferences in [that party's] favor."  *Schmidt v. Des Moines Pub. Sch.,* 655 F.3d 811, 819 (8th Cir 2011).  "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue . . . Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  The moving party need not negate the nonmoving party's claims by showing "the absence of a genuine issue of material fact."  *Id.* at 325.  Instead, "the burden on the moving party may be discharged by 'showing' . . . that there is an absence of evidence to support the nonmoving party's case."  *Id.*

In response to the movant's showing, the nonmoving party's burden is to produce specific facts demonstrating "'a genuine issue of material fact' such that [its] claim should proceed to trial." *Nitro Distrib., Inc. v. Alticor, Inc.*, 565 F.3d 417, 422 (8th Cir. 2009) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986)). The nonmoving party "'must do more than simply show that there is some metaphysical doubt as to the material facts,' and must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir.) (quoting *Matsushita Elec. Indus. Co.,* 475 U.S. at 586-87)), *cert. denied,* 132 S. Ct. 513 (2011). "'[T]he mere existence of *some* alleged factual dispute between the parties'" will not defeat an otherwise properly supported motion for summary judgment. *Quinn v. St. Louis Cnty.,* 653 F.3d 745, 751 (8th Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986)).

In other words, in deciding "a motion for summary judgment, 'facts must be viewed in the light most favorable to the nonmoving party only if there is a "genuine" dispute as to those facts.'" *Ricci v. DeStefano*, 129 S. Ct. 2658, 2677 (2009) (quoting *Scott v. Harris,* 550 U.S. 372, 380 (2007)). Otherwise, where the Court finds that "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party"–where there is no "'genuine issue for trial'"–summary judgment is appropriate. *Matsushita*, 475 U.S. at 587 (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.,* 391 U.S. 253, 289 (1968)).

## DISCUSSION

Count VI of Stradley's Complaint (Filing No. 1), alleges that University Services engaged in fraud by changing the result of Stradley's initial urine test from "invalid" to

"adulterated." Count VII alleges that University Services engaged in intentional infliction of emotional distress by materially altering the result of the urine test on its own or at the request of Union Pacific. Count VIII alleges that University Services was negligent in the testing of Stradley's urine sample. Count IX alleges that Stradley was a third party beneficiary of an agreement between Union Pacific and University Services, which University Services breached, to her detriment.

University Services contends that the issues raised by Stradley in this litigation were also the subject of her hearing before the Public Law Board, and because the decision of that Board is a valid and final judgment, she is barred from relitigating the matters under the principle of issue preclusion, also known as collateral estoppel.

The record of the Public Law Board hearing, and the Board's Award confirming Stradley's termination, are at a minimum *some* evidence refuting her claims. Stradley has submitted *no* evidence or arguments in support of any of her allegations. She cannot rely on the allegations in her Complaint, alone. University Services has shown an absence of evidence supporting Stradley's claims, and Stradley has not met her burden of presenting any evidence demonstrating that there is a genuine issue of material fact for trial. Accordingly,

    IT IS ORDERED:

1. The Defendant University Services Corporation's Motion for Summary Judgment (Filing No. 54) is granted;

2. Plaintiff Hope P. Stradley's claims against University Services Corporation are dismissed, with prejudice;

3. Attorney N. Joshua Dart's Motion to Withdraw (Filing No. 59) is granted; and

4.	A separate Judgment will be entered.

DATED this 17th day of July, 2012.

>BY THE COURT:
>
>s/Laurie Smith Camp
>Chief United States District Judge